THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ENRIQUE VÁZQUEZ LÓPEZ, Defendant and Appellant.

No. CR-68-245.       Decided October 28, 1969.

*Luis A. Archilla Laugier* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was convicted of driving a motor vehicle under the influence of intoxicating liquor. His driver's license was suspended for a term of one year and he was sentenced to pay a fine of $125.00. He assigns that the weighing of the evidence was erroneous and that it was incorrect to admit in evidence the reporting blank which identified the blood sample.

The first contention is worthless. See two fragments of the evidence for the prosecution:

Witness Juan González Torres testified, referring to the vehicle driven by appellant, that on the day the events occurred:

"I was in the ward Cerro Gordo, near Dorado and when I was coming toward Vega Baja along the highway of the ward Ceiba Carmelita, kilometer 3.4, while coming to Vega Baja I saw a car zigzagging toward me and upon seeing it thus, I stopped the car to my right hand side, and it came and hit me on the bumper of my car, on my right hand side, and after

hitting me it kept on going toward the other side and came to a stop upon some wires that were there." Tr. Ev. 4.

Police sergeant Antonio Torres Rivera, who went to investigate the accident, testified:

"Upon requesting [defendant] the driver's and car licenses I noticed that he staggered, he had to hold on to the car, not to fall, he was uncombed and he smelled strongly of liquor and when he spoke, what he said could not be understood very well. ..." Tr. Ev. 12.

. . . . . . . .

"He said that he was not drunk, that he was all right, that he was not going to go in the patrol car, that I had to take my blood sample together with him." Tr. Ev. 13.

That evidence, believed as it was, supports the conviction. Appellant alleges that because of the fact that the Sergeant forgot that a passenger riding with appellant had been injured, his testimony was so marred and vitiated that it deserved no credit at all from the court. A little over three months had elapsed from the day the events took place and the hearing of the case.

That is not correct. As it is known, mere contradictions regarding nonessential particulars are not by themselves sufficient for not giving credit to a witness. Neither is the fact that a witness does not remember exactly everything that happened, particularly if the forgotten fact concerns an irrelevant aspect with respect to the offense for which appellant is tried.

In addition to the oral evidence, which, as we have stated, was sufficient to support the conviction, the result of the chemical analysis of the blood sample was .16 per cent of alcohol, which by itself is sufficient to support the conviction. 9 L.P.R.A. § 1041·(b) (3) ; *People* v. *Riego*, 87 P.R.R. 554 (1963) ; *People* v. *Monroig*, 87 P.R.R. 622 (1963) ; *People* v. *Zalduondo Fontánez*, 89 P.R.R. 63 (1963).

The second assignment is also worthless. Appellant alleges that the physician who supervised the taking of the blood

sample never testified that he had labeled it with the identification number which appeared thereon and that for that reason the reporting blank accompanying the sample should not have been admitted in evidence.

■ The physician's testimony established that the reporting blank presented in evidence was signed by him; that he remembered when he took the blood sample to which the document refers; that the reporting blank corresponds to the defendant; that after the blood sample was taken from defendant he (the physician) signed the blank and sent it to the Department of Health; that he remembers the defendant and the blood sample; that there were three blood samples; that he gave one to defendant and that the other two were sent to the Department of Health; that he was the one who filled in entirely the reporting blank; that he had the blood sample under his custody until he left the Health Center and he himself mailed it. Tr. Ev. 45–49. Further on the physician testified that the reporting blank which he had before him in court was the same one he sent to the Department of Health. Tr. Ev. 55.

The admissibility of the reporting blank depended on whether or not it was properly identified and it was thus done. The physician testified that said blank was the one he signed and the one he himself sent to the Department of Health. Said reporting blank was identified by the physician, who was the person who filled the blanks, signed them, and sent them to the Department of Health.

We have considered it convenient to discuss the second assignment, although, as we have previously mentioned, the oral evidence by itself, believed by the trial court, was sufficient to support the conviction.

The judgment rendered by the Superior Court, Bayamón Part, on November 10, 1967, will be affirmed.

Mr. Justice Hernández Matos did not participate herein.